UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL CLARKSON,

    Plaintiff,

v.                                              CASE NO. 3:10-cv-567-J-JBT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Petition for Attorney Fees ("Petition") (Doc. 24) and Defendant's Opposition thereto (Doc. 26).

Plaintiff makes a timely request for an award of $6,264.51 in attorney's fees pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $368.89 in costs pursuant to 28 U.S.C. § 2412(a)(1). (Doc. 24.) Defendant objects to the amount of fees sought on the sole ground that the number of hours spent on the case by Plaintiff's counsel is excessive. (Doc. 26.) For the reasons that follow, the Petition is due to be **GRANTED to the extent stated herein**.

EAJA sets forth the following requirements for the award of fees and costs:

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part

> the prevailing party for the costs incurred by such party in the litigation.
> . . .
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412. In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

It is undisputed that Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Furthermore, Defendant does not dispute that Plaintiff is entitled to an award of fees in this case.[1] However, Defendant argues that the fee award should be reduced because the number of hours spend on the case is excessive.

In regard to the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). In explanation of this standard, EAJA reads:

---

[1] In light of the lack of opposition on this issue, the Court will not find that Defendant's position was substantially justified. Moreover, there are no special circumstances which would make an award of fees unjust. In addition, Plaintiff certifies that his "net worth at the time this proceeding was filed was less than two million dollars." (Doc. 24 at 2.)

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Petition reflects that Plaintiff's attorney's rates were $175.06 per hour for the work done in 2010 and $177.96 per hour for the work done in 2011. (Doc. 24.) As these rates are higher than the statutory maximum, Plaintiff's counsel is seeking a cost of living adjustment. (*Id.*) In light of the lack of opposition to these hourly rates, the Court finds these rates reasonable and the cost of living adjustment warranted.[2]

The main issue is whether the number of hours spent by Plaintiff's counsel on the case is reasonable. Defendant argues that it is not and asks for a reduction. (Doc. 26.) First, Defendant asks the Court to reduce the 18.9 hours spent on reviewing the record, and researching, writing, and editing the initial brief by 3.4 hours. (*Id.*) The Court does not find such a reduction warranted in light of the circumstances of this case and fee awards in similar cases. Thus, Plaintiff will be compensated for 10.4 hours for work done in 2010 and 8.5 hours for work done in 2011.

Defendant also requests the Court to reduce, by nine hours, the time spent

---

[1] Were these hourly rates contested, the Court's determination regarding the reasonableness of the rates might be different.

3

reviewing various filings, reading the Commissioner's brief, and preparing motion(s) that were never filed. (*Id.*) Plaintiff's counsel spent a total of eleven hours on these tasks. The Court finds that the time should be reduced to three hours (one hour for the work done in 2010 and two hours for the work done in 2011) because the remaining hours are excessive or were spent on motion(s) that were never filed. *See Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Although Defendant asks the Court to eliminate the 4.7 hours spent on July 1, 2010 entirely, the Court finds that only 3.7 hours should be eliminated from that block entry because Plaintiff's counsel prepared and filed the Complaint on that date.

Finally, Defendant asks the Court to reduce the time spent on tasks normally performed by non-lawyers, which in this case involved preparing a cover sheet, summonses, a notice of appearance, and scanning documents. (Doc. 26.) The Court agrees that such time is not compensable as attorney time and should be reduced from the fee award. *See Norman*, 836 F.2d at 1306. This time includes one hour for scanning documents and an unspecified portion of the 3.7 hours eliminated from the July 1, 2010 block entry.

Accordingly, after the reductions, the Court finds that Plaintiff should be compensated for 12 hours in 2010 and 14.5 hours in 2011. The Court thus finds that $4,681.14 ($175.06 x 12 hours + $177.96 x 14.5 hours) is a reasonable amount for attorney's fees in this case. The Court further finds, in light of the lack of opposition, that costs and expenses in the amount of $368.89 for the filing of the Complaint and

for postage and certified mail charges, are recoverable pursuant to 28 U.S.C. § 2412(a)(1).

Accordingly, it is **ORDERED and ADJUDGED**:

1. The Petition (**Doc. 24**) is **GRANTED** to the extent stated herein.

2. The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of 4,681.14 for attorney's fees and $368.89 for costs and expenses.

3. The Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel.

**DONE AND ORDERED** at Jacksonville, Florida, on June 14, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record